CARTER, Judge.
A show cause was issued in this matter pursuant to the defendant’s motion to dismiss the appeal by the State of Louisiana.
FACTS
Defendant, Jerry Lee Hiles, was charged by bill of information with two counts of molestation of a juvenile under the provisions of LSA-R.S. 14:81.2. The bill of information sets forth that one offense occurred on January 14,1982, and the second offense occurred on January 15, 1982. Defendant’s motion to quash was based on the allegations that the time limitation for the institution of the prosecution of the subject charges had expired in accordance with LSA-C.Cr.P. art. 572(2). The motion to quash was heard on November 24, 1987, and for oral reasons assigned, the court granted the motion on the same date.
The State filed a motion for appeal and assigned as error the trial court’s failure to give effect to the provisions of LSA-C.Cr. P. art. 573(4) when it quashed the bill of information.
Thereafter, defendant filed a motion to dismiss the State’s appeal contending the State has no right to appeal a motion to quash, citing State v. James, 329 So.2d 713 (La.1976).
STATE’S RIGHT TO APPEAL FROM JUDGMENT GRANTING THE MOTION TO QUASH
Defendant contends that the State does not have an automatic right of appeal to this appellate court, but only has the right to seek a writ of review under this court’s supervisory jurisdiction. Defendant contends that the same rationale applied in State v. James, supra, applies to the instant case. The issue in State v. James, supra, was whether the Louisiana Supreme Court, pursuant to the constitution of 1974, had any jurisdiction to hear appeals from the State as set out in LSA-C.Cr.P. art. 912(B). The court held that it had no jurisdiction on appeal from the State and therefore the only remedy was by writ of review. Defendant reasons that a literal interpretation of LSA-Const. Art. 5, § 10 refers to jurisdiction of all criminal cases triable by a jury and a motion to quash is not a case triable by jury. Therefore, defendant reasons that the State’s right of appeal as set out in LSA-C.Cr.P. art. 912(B) is limited to an application for a writ of review under this court’s supervisory jurisdiction.
LSA-Const. Art. 5, § 5(D), prior to amendment in 1980, provided as follows:
Appellate Jurisdiction. In addition to other appeals provided by this constitution, a case shall be appealable to the supreme court if (1) a law or ordinance has been declared unconstitutional; (2) *1110 the defendant has been convicted of a felony or a fine exceeding five hundred dollars or imprisonment exceeding six months actually has been imposed.
By Acts 1980, No. 843, § 1, effective July 1, 1982, LSA-Const. Art. 5, § 5(D) was amended to read as follows:
Appellate Jurisdiction. In addition to other appeals provided by this constitution, a case shall be appealable to the supreme court if (1) a law or ordinance has been declared unconstitutional or (2) the defendant has been convicted of a capital offense and a penalty of death actually has been imposed.
Defendant correctly points out that under both constitutional provisions, the Louisiana Supreme Court has criminal appellate jurisdiction only after there has been a conviction. See LSA-Const. Art. 5, § 5(D), both before and after amendment. However, the criminal appellate jurisdiction acquired by the courts of appeal by Acts 1980, No. 843, § 1, effective July 1,1982, is markedly different from that of the Supreme Court. LSA-Const. Art. 5, § 10(A) now provides, inter alia:
Jurisdiction. Except as otherwise provided by this constitution, a court of appeal has appellate jurisdiction of.... (3) all criminal cases triable by a jury, except [when the defendant has been convicted of a capital offense and a penalty of death has actually been imposed].
Clearly, the criminal appellate jurisdiction of the courts of appeal is not dependent upon a conviction.
Further, LSA-C.Cr.P. art. 912(B) provides, in pertinent part, as follows:
The state cannot appeal from a verdict of acquittal. Adverse judgments or rulings from which the state may appeal include, but are not limited to, judgments or rulings on:
(1) A motion to quash an indictment or any count thereof;
(2) A plea of time limitation.
The appeal in the instant case is clearly authorized under LSA-C.Cr.P. art. 912(B) and is not prohibited by LSA-Const. Art. 5, § 10(A). Therefore, we find that the State can properly appeal the granting of defendant’s motion to quash.
For the above stated reasons, the motion to dismiss is denied.
MOTION DENIED.